# STATE OF MICHIGAN

# COURT OF APPEALS

YVETTE M. CORMIER,

Plaintiff-Appellant,

v

PF FITNESS-MIDLAND, LLC, and PLA-FIT
FRANCHISE, LLC,

Defendants-Appellees,

and

PLANET FITNESS HOLDINGS, LLC, PLANET
FITNESS EQUIPMENT, LLC, PLANET
FITNESS NAF, LLC, PFIP, LLC, and TSG
CONSUMER PARTNERS, LLC,

Defendants.

UNPUBLISHED
July 26, 2018

No. 331286
Midland Circuit Court
LC No. 15-002463-NZ

## ON REMAND

Before: O'BRIEN, P.J., and SERVITTO and STEPHENS, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court order granting summary disposition in favor of
defendants, PF Fitness-Midland, LLC and PLA-Fit Franchise, LLC ("defendants")[1] pursuant to
MCR 2.116(C)(8) in this civil rights action. This Court previously affirmed the trial court's
ruling. *Cormier v PF Fitness-Midland, LLC*, unpublished per curiam opinion of the Court of
Appeals, issued June 1, 2017 (Docket No. 331286) (*Cormier I*). On April 6, 2018, our Supreme
Court vacated the portion of this Court's opinion concluding that plaintiff had abandoned her
Michigan Consumer Protection Act (MCPA) claims and remanded the case to this Court for
consideration of the trial court's grant of summary disposition on the MCPA claims, but denied
leave to appeal in all other respects. *Cormier v PF Fitness-Midland, LLC*, __ Mich __; 909

---

[1] The remaining defendants were dismissed from the lawsuit upon the stipulation of the parties.

NW2d 266 (2018) (*Cormier II*). We now reverse as to plaintiff's claims of violation of the MCPA under MCL 445.903(1)(s), (bb), and (cc), affirm in all other respects, and remand for proceedings not inconsistent with this opinion.

The salient facts were summarized in this Court's prior opinion:

> Plaintiff entered into a membership agreement to use defendants' Planet Fitness gym facility in Midland on January 28, 2015. On February 28, 2015, she entered the women's locker room and encountered a transgender individual (a man who identified as a woman). Plaintiff left the locker room and told the front desk that there was a man in the women's locker room. Plaintiff was advised that it was defendants' policy that people have access to the facility that corresponds with whatever sex with which an individual self-identifies. Defendant's corporate office later advised plaintiff that this was consistent with their policy of not judging whether an individual is a man or a woman. Plaintiff returned to the gym several times in the ensuing days and warned other women about the policy and to be careful when using the women's facilities. On March 4, 2015, defendants terminated plaintiff's membership.
>
> Plaintiff thereafter filed the instant lawsuit alleging invasion of privacy; sexual harassment and retaliation in violation of the [CRA]; breach of contract; intentional infliction of emotional distress; and violation of the [MCPA]. Defendants each moved for summary disposition (and joined in each other's motion), asserting that plaintiff failed to plead any valid claim. The trial court agreed, granting summary disposition in defendants' favor. This appeal followed. [*Cormier I*, unpub op at 1-2.]

As stated, this Court affirmed the trial court's decision in all respects. *Id*. at 1-2, 10. After summarizing pertinent legal principles concerning the MCPA, this Court concluded:

> In her appeal brief, plaintiff does not cite to any particular subsection of the MCPA buts [sic] simply states that a policy allowing men full access to the women's facilities is a material fact that should have been disclosed and that she correctly pled how defendants violated each subsection of the MCPA by either misrepresenting the facts or omitting them entirely. Plaintiff cites to no authority or statute, or even her complaint, in support of her position. It is not sufficient for a party "simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998), quoting *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959). We consider this claim abandoned on appeal and do not consider it . . . . [*Cormier I*, unpub op at 10.]

On remand, per our Supreme Court's direction, we now consider that claim.

Appellate review of the grant or denial of a summary-disposition motion is de novo. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). A motion brought under MCR 2.116(C)(8) tests the legal sufficiency of the complaint on the basis of the pleadings alone. *Dalley v Dykema Gossett*, 287 Mich App 296, 304–05; 788 NW2d 679 (2010). When deciding a motion under subrule (C)(8), this Court accepts all well-pleaded factual allegations as true and construes them in the light most favorable to the nonmoving party. *Id*. "Summary disposition on the basis of subrule (C)(8) should be granted only when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery." *Id*., quoting *Kuhn v Secretary of State*, 228 Mich App 319, 324; 579 NW2d 101 (1998). This Court also reviews de novo questions of statutory interpretation. See *City of Detroit v Ambassador Bridge Co*, 481 Mich 29, 35; 748 NW2d 221 (2008).

The MCPA "prohibits the use of unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce." *Zine v Chrysler Corp*, 236 Mich App 261, 270-271; 600 NW2d 384 (1999), citing MCL 445.903(1). "Trade or commerce" is defined as

> the conduct of a business providing goods, property, or service primarily for personal, family, or household purposes and includes the advertising, solicitation, offering for sale or rent, sale, lease, or distribution of a service or property, tangible or intangible, real, personal, or mixed, or any other article, or a business opportunity. [MCL 445.902(1)(g).]

A person who suffers loss as a result of a violation of the MCPA "may bring an action to recover actual damages or $250.00, whichever is greater, together with reasonable attorneys' fees." MCL 445.911(2).

As this panel explained in its prior opinion:

> "The MCPA is in many ways derivative of the common-law tort of fraud." *Brownlow v McCall Enterprises, Inc*, 315 Mich App 103, 123; 888 NW2d 295 (2016). However, the MCPA eliminates an essential element of the common-law tort of fraud, i.e., proof of the intent of the merchant in most of the subsections. *Id*. "When the Legislature intended to require a plaintiff to prove the defendant's intent, it specifically so provided in the statute." *Id*. at 125 . . . . [*Cormier I*, unpub op at 9.]

Plaintiff alleged that defendants represented that there were separate locker rooms, shower and restroom facilities for men and women and in having an unwritten policy allowing men who self-identify as women to use the women's facilities defendants violated MCL 445.903(1)(g), (n),[2] (s), (t), (y), (bb), and (cc) of the MCPA. That statute provides, in relevant part:

(1) Unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce are unlawful and are defined as follows:

\* \* \*

(g) Advertising or representing goods or services with intent not to dispose of those goods or services as advertised or represented.

\* \* \*

(n) Causing a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction.

\* \* \*

(s) Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer.

(t) Entering into a consumer transaction in which the consumer waives or purports to waive a right, benefit, or immunity provided by law, unless the waiver is clearly stated and the consumer has specifically consented to it.

\* \* \*

(y) Gross discrepancies between the oral representations of the seller and the written agreement covering the same transaction or failure of the other party to the transaction to provide the promised benefits.

\* \* \*

(bb) Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is.

(cc) Failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner.

---

[2] Plaintiff cited MCL 445.911(1)(n), but that statutory subsection does not exist. See MCL 445.911. Considering the allegation accompanying that citation, it is clear that plaintiff was referring to MCL 445.903(1)(n).

"Given the variety of deceptive practices prohibited by the [MCPA], a single act may violate more than one subsection." *Zine*, 236 Mich App at 282.

The trial court found that plaintiff failed to state a prima facie case for fraud under the MCPA because she failed to allege that defendants made a material misrepresentation or omission intending plaintiff would act upon it, nor that she acted on it. "That is, she would not have joined the gym if she had known about the policy." The trial court thus found that plaintiff failed to state a claim for violation of the MCPA.

Several of plaintiff's claims under the MCPA are easily disposed of. With respect to MCL 445.903(1)(g), plaintiff alleged that defendants violated this subsection by representing to her that there were separate locker rooms and restrooms for men and women, but that they did not have the intent of disposing of those services as represented. The fact that plaintiff may disagree with the method chosen by defendants for determining who qualifies for use of a locker room or restroom, i.e., on the basis of the gender with which an individual self-identifies, fails to establish that defendants intended not to dispose of goods or services as advertised or represented. Plaintiff's allegations with respect to MCL 445.903(1)(g) fail to state a claim on which relief may be granted.

As to MCL 445.903(1)(n), plaintiff alleged that defendants caused a probability of confusion and misunderstanding as to her legal rights or remedies by not informing her of the policy which allowed men who self-identify as women to use the women's locker room and restrooms. However, plaintiff has failed to articulate how the policy of a business concerning the use of its locker rooms and restrooms could constitute a legal right or remedy. She has thus failed to state a claim under MCL 445.903(1)(n).

Plaintiff claims that defendants violated MCL 445.901(1)(t) by entering into a consumer transaction with her that did not clearly state any waiver of the benefit of being able to use the women's locker room and restrooms without the presence of men. Plaintiff has identified no right, benefit, or immunity provided by law pursuant to which she was entitled to use a locker room or restroom that excludes assigned male individuals who self-identify as female. Nor has plaintiff explained how any such right, benefit, or immunity provided by law has been waived or purportedly waived in a manner that was not clearly stated and to which she did not specifically consent. She has thus failed to state a claim under MCL 445.903(1)(t).

Plaintiff alleges that defendants violated MCL 445.903(1)(y) by making oral representations to her that there were separate locker rooms and restrooms for men and women and failing to disclose their unwritten policy that assigned males who self-identify as women can use the women's locker room and restrooms. Plaintiff's allegation fails to identify any gross discrepancies between defendants' oral representations and a written agreement covering the same transaction. Rather, it appears that plaintiff is asserting that defendants' *unwritten* policy regarding self-identification is inconsistent with defendants' oral representation that there were separate locker rooms and restrooms for men and women. An unwritten policy obviously does not constitute a written agreement. Plaintiff's claim under this subsection fails given her failure to identify a gross discrepancy between an oral representation and a written agreement.

The remaining claims of violations of the MCPA are closely related as they all concern material facts, and require more careful scrutiny. Plaintiff asserts that defendants violated MCL 445.903(1)(s) by failing to reveal a material fact to her that she could not have reasonably known—that they allowed assigned men to use the women's locker room and restrooms with women; violated MCL 445.903(1)(bb) by making a material representation of fact that her membership included access to a private women's locker room and restrooms, but did not disclose to her its policy that assigned men who self-identify as women can use the women's locker room and restrooms, and; violated MCL 445.903(1)(cc) by failing to reveal the material

fact that they allowed assigned men who self-identify as women to use the women's locker room and restrooms. "A material fact for purposes of the MCPA would [] be one that is important to the transaction or affects the consumer's decision to enter into the transaction." *Zine*, 236 Mich App at 283.

The transaction at issue is plaintiff's agreement to join the gym. The allegations in plaintiff's complaint indicate that defendants made a representation of fact in a positive manner when they informed her that the gym had separate locker rooms and restrooms for men and women. And, according to the complaint, when plaintiff joined the gym, defendants failed to reveal the fact that they had an unwritten policy whereby an individual may use whichever locker room or restroom corresponds with the gender with which that individual self-identifies. Therefore, plaintiff's allegations indicate that defendants failed to reveal facts (i.e., the existence of the unwritten self-identification policy) and that representations of fact were made in a positive manner (i.e., that there were separate locker rooms and restrooms for men and women). The question becomes, then, whether the fact that defendants failed to reveal, i.e., the existence of the unwritten self-identification policy, was material to the transaction.

Although the use of the gym for exercise and fitness activities appears to have been the central aspect of the transaction, defendants' provision of locker rooms and restrooms is also part of the transaction given that gym members obviously may wish to change clothes or shower in a locker room in connection with their fitness activities, and restrooms are also needed. Therefore, although defendants' policy regarding the locker rooms and restrooms was not the sole or major reason for the transaction, a policy regarding such facilities could still be viewed as important to the transaction. See generally, *Zine*, 236 Mich App at 283 ("[t]o be material, the representation need not relate to the sole or major reason for the transaction, but it must relate to a material or important fact") (quotation marks, ellipsis, and citation omitted). Also, a reasonable inference arises from plaintiff's allegations that defendants' failure to inform her of the unwritten self-identification policy concerning locker rooms and restrooms affected her decision to join the gym. After joining the gym, plaintiff saw an assigned male individual in the women's locker room and then complained to an employee at the front desk and to defendants' corporate office. Upon being informed of defendants' unwritten policy on the matter, plaintiff verbally warned other women at the gym about it. Plaintiff's actions indicate that she strongly preferred a locker room and a restroom in which individuals who are assigned biologically male are not present, and it is thus reasonable to infer that defendants' failure to inform plaintiff of the unwritten policy affected her decision to join the gym.

The fact that plaintiff continued to use the gym after learning of the unwritten self-identification policy does not preclude as a matter of law an inference that defendants' failure to

inform her of the unwritten policy affected her decision to join the gym. That is because plaintiff was already a member of the gym when she learned of the unwritten policy and was thus subject to a financial penalty if she canceled her membership earlier than provided in the membership agreement. Plaintiff sufficiently sets forth claims of violation of the MCPA under MCL 445.903(1)(s), (bb), and (cc).

Reversed as to plaintiff's claims of violation of the MCPA under MCL 445.903(1)(s), (bb), and (cc), affirmed in all other respects, and remanded for proceedings not inconsistent with this opinion. We do not retain jurisdiction.


/s/ Colleen A. O'Brien
/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens